UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BARBARA J. BROWN**, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>**VIO FRANCHISE GROUP LLC** *d/b/a*:<br>**VIO MED SPA,** and<br>**VYANIA LLC** *d/b/a:*<br>**VIO MED SPA HENDERSONVILLE,**<br><br>        Defendants. | No.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**CLASS ACTION COMPLAINT**

  1. Barbara J. Brown ("Plaintiff"), through her attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants VIO Franchise Group LLC d/b/a VIO Med Spa and Vyania LLC d/b/a VIO Med Spa Hendersonville (collectively "VIO Med" or "Defendants").

  2. This class action arises from Defendants' persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

  3. Defendants use unlawful and invasive telemarketing tactics to drum up business. And Defendants flooded Plaintiff with invasive telemarketing solicitations in clear violation of the TCPA.

  4. Now, Plaintiff brings this class action on behalf of herself, and all others harassed by Defendants and their unlawful telemarketing tactics.

1

**PARTIES**

5.     Plaintiff, Barbara J. Brown, is a natural person and a citizen of Gallatin, Tennessee. She is domiciled in Tennessee (where she intends to remain).

6.     Defendant VIO Franchise Group LLC is a domestic Limited Liability Company headquartered in Ohio with its registered agent, Robert L. Strickland, located at 316 N. Court Street, Medina, OH 44256.

7.     Defendant Vyania LLC is a domestic Limited Liability Company with its principal place of business located at 185 Indian Lake Blvd A, Hendersonville, Tennessee, 37075, and its registered agent, Charmy K. Patel, located at 1006 Merrick Road Hendersonville, Tennessee, 37075.

**JURISDICTION AND VENUE**

8.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

9.     This Court has personal jurisdiction over Defendant VIO Franchise Group LLC because it is headquartered in Ohio, regularly conducts business in Ohio, and has sufficient minimum contacts in Ohio.

10.    This Court also has personal jurisdiction over Defendant Vyania LLC because it purposefully availed itself of the privilege of conducting business in Ohio by entering into and operating under a franchise agreement with an Ohio-based franchisor, maintaining an ongoing contractual and business relationship directed from Ohio, and engaging in conduct that gives rise to Plaintiff's claims.

11.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**BACKGROUND**

*The Telephone Consumer Protection Act*

12. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

13. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613 (2020).

14. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

15. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

16. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(b)(3), (c)(5).

17. For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id*.

18. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

19. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

20. The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

21. The TCPA prohibits calling any "residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

22. The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§ 64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id*.

23. For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the

same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

***Plaintiff Barbara J. Brown***

24. Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

25. Plaintiff's residential telephone number is (719) 639-XXXX (the "telephone number").

26. To avoid unsolicited telemarketing calls, Plaintiff personally placed her telephone number on the National Do-Not-Call Registry in 2012. Since then, Plaintiff has not removed her telephone number from the National Do-Not-Call Registry.

27. Plaintiff uses her telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

28. Plaintiff has not used her telephone number for business purposes.

29. Plaintiff has not associated her telephone number with any business.

30. Plaintiff has never received a reimbursement from any business for her telephone number.

31. Plaintiff has never taken a business-related tax-deduction for her telephone number.

32. Plaintiff is not a current or former customer of Defendants.

33. Plaintiff has never had a business relationship with Defendants. Other than a single inquiry in late 2024—when Plaintiff contacted Defendants to ask whether it offered a particular service—Plaintiff never booked, purchased, or received any services from Defendants.

34. Plaintiff has never consented to receive the alleged telephone solicitations from Defendants.

*Defendants Engage in Telemarketing*

35. Defendants are medical spas ("med spas") that "specialize in cutting-edge aesthetic medicine and wellness," and "provide elevated and innovative aesthetic services for both men and women that empower, enhance natural beauty, and inspire confidence."[1]

36. Simply put, Defendants sell "skin rejuvenation treatments, body contouring, dermal fillers and injectables, hair restoration, and hormone therapy" services.[2]

37. A screenshot of Defendants' website is provided below.[3]



38. Notably, in Defendants' industry, telemarketing is a widespread and standard practice.[4] Indeed, the American Institute of Healthcare Compliance has reported that in the "Healthcare" industry, "the health care provider does not have internal resources for this type of

---

[1] *Defy Age*, VIO MED SPA, https://www.viomedspa.com/ (last visited Dec. 17, 2025).
[2] *Explore our treatments*, VIO MED SPA, https://www.viomedspa.com/ (last visited Dec. 17, 2025).
[3] *Id*.
[4] *Marketing, Telemarketing, Compliance, & Healthcare*, AIHC (August 2023) https://aihc-assn.org/marketing-telemarketing-compliance-healthcare/.

6

project and will hire a professional telemarketing firm. It is a strategy used to not only increase your patient based but increase other incremental income as well."[5]

39. To sell their services, Defendants (or their third-party agents) engage in telemarketing campaigns.

40. Defendants have already received numerous complaints about their unlawful telemarketing practices.

41. Below is a screenshot summarizing a prior TCPA lawsuit against Defendants, which ultimately settled.[6]



### Chain of 'Med-Spas' Is Alleged to Harm 'Thousands' via Unwanted Texts

June 26, 2023 | TCPA

Defendant Vio Franchise Group, which operates a chain of "med-spas," promotes its products and services with unsolicited telemarketing texts, "harming thousands of consumers in the process," alleged Brandon Weitz's Telephone Consumer Protection Act class action Thursday (docket 1:23-cv-01231) in U.S. District Court for Eastern Ohio in Cleveland. Miami-Dade County, Florida, resident Weitz began receiving Vio's telemarketing text messages April 2 on his cellphone without opt-out instructions, said his complaint. When he responded by manually texting a message asking not to be contacted again, Vio replied "within seconds" with "an automated opt-out confirmation text," it said. The text messages nevertheless continued, it said. Vio's unsolicited text messages caused Weitz "actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion," it said. The texts also "inconvenienced" him "and caused disruption to his daily life," it said. Weitz seeks actual and statutory damages for himself and each member of his proposed class, plus an order declaring Vio's actions violate the TCPA. He also seeks an injunction requiring Vio "to cease all unsolicited text messaging activity," and is demanding a jury trial, said his complaint. Vio, headquartered in Cuyahoga County, Ohio, didn't comment Friday.

***Defendants violated the TCPA***

42. As explained below, Defendants violated the TCPA numerous times.

---

[5] *Id.*

[6] *Chain of 'Med-Spas' Is Alleged to Harm 'Thousands' via Unwanted Texts*, COMMUNICATIONS LITIGATION TODAY, http://stage.communicationslitigationtoday.com/article/2023/06/26/chain-of-medspas-is-alleged-to-harm-thousands-via-unwanted-texts-2306230002?BC=bc_66c06db8949d5 (last visited January 2, 2026).

7

43. On November 18, 2024, at approximately 11:00 a.m., Defendants first contacted Plaintiff by telephone. Since that time, Plaintiff has received more than thirty (30) calls from Defendants, all originating from the same telephone number, (615) 431-0654.

44. On November 22, 2025, at approximately 4:17 p.m., Defendants used the telephone number (615) 431-0654 and left a voicemail on Plaintiff's telephone number. The voicemail was approximately twenty-five (25) seconds long and featured a prerecorded voice attempting to solicit Plaintiff to purchase a facial, with the caller identifying herself as "Taylor with VIO Med Spa."

45. In other words, Defendants called Plaintiff's telephone number and attempted to solicit Plaintiff to purchase a med spa service.

46. The telephone calls that Plaintiff answered and the voicemails she received featured a crisp and articulate voice—which noticeably lacked the typical pauses, missteps, and "filler words" (e.g., "um") that characterize normal human speech. Thus, on information and belief, the telephone calls and voicemail in question used a prerecorded or artificial voice.

47. Plaintiff called Defendants to ask it to stop calling her. She also texted Defendants to instruct them to stop calling her. When she called, Defendants explained that they use an automated calling system that includes a prerecorded message from "Taylor" to make calls and leave voicemail messages.

48. Even though Plaintiff instructed Defendants to stop calling her, they did not. In fact, Defendants called Plaintiff multiple times after she texted STOP, and after she called Defendants to ask them to stop calling her.

8

49. A screenshot of one of Defendants' voicemails is provided below.



50. The aforementioned telephone solicitations to Plaintiff were unwanted, nonconsensual encounters, as Plaintiff never provided her consent or requested the calls.

51. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed.

52. On information and belief, Defendants will continue to place numerous telephonic solicitations to Plaintiff and Class Members.

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings this Class Action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following:

> **National Do-Not-Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Defendants (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.
>
> **Internal Do-Not-Call Registry Class**: All persons in the United States (1) whose telephone numbers received two or more telephone calls from, or on behalf of, Defendants (2) during a 12-month period, (3) within four years prior to the commencement of this

9

litigation and up until the date of trial, (4) and who had previously requested for the telephone calls to stop.

**Prerecorded Voice Class**: All persons in the United States (1) whose telephone number (2) received one or more telephone calls from, or on behalf of, Defendants (3) during a 12-month period, (4) within four years prior to the commencement of this litigation and up until the date of trial, and (5) when the telephone call used a prerecorded or artificial voice.

54. Together, the various classes are referred to as the "Class."

55. Excluded from the Class are Defendants, their agents, affiliates, parents, subsidiaries, any entity in which Defendants have a controlling interest, any Defendants officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

56. Plaintiff reserves the right to amend the Class definition.

57. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on class-wide bases using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

58. **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendants' custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendants' phone records.

59. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

60. **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendants' unlawful telemarking practices.

61. **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. Her interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

62. **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

   a. whether Defendants violated the TCPA;

   b. whether Defendants violated the TCPA willfully and knowingly;

   c. whether Plaintiff is entitled to statutory damages;

   d. whether Plaintiff is entitled to treble damages;

   e. whether Defendants should be enjoined from further TCPA violations.

63. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendants would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of

scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

64. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

65. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the National Do-Not-Call Class despite their numbers being on the National Do-Not-Call Registry.

66. Defendants violated the TCPA willfully or knowingly.

67. Plaintiff and National Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

68. Plaintiff and National Do-Not-Call Class Members seek injunctive relief prohibiting Defendants from making further unlawful telephonic solicitations to Plaintiff and National Do-Not-Call Class Members.

### SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

69. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

70. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

violations of the TCPA, by making telephonic solicitations, except for emergency purposes, to the Plaintiff and the Prerecorded Call Class while using a prerecorded and/or artificial voice.

71. Defendants violated the TCPA willfully or knowingly.

72. Plaintiff and Prerecorded Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

73. Plaintiff and Prerecorded Call Class Members seek injunctive relief prohibiting Defendants from making further unlawful telephonic solicitations to Plaintiff and Prerecorded Call Class Members.

## THIRD CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Internal Do-Not-Call Registry Class)

74. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

75. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate…any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making…calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in…any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests*. If a person or entity making…any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-

call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making…any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.

76. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

77. Plaintiff and the Internal Do-Not-Call Class Members made requests to Defendants not to receive telemarketing calls from Defendants.

78. Defendants failed to honor Plaintiff's and the Internal Do-Not-Call Class Members' opt-out requests and instead continued to call Plaintiff and the Internal Do-Not-Call Class Members to harass them into making purchases from Defendants.

79. Defendants' refusal to honor opt-out requests is indicative of Defendants' failure to (1) institute procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity; (2) implement a written policy, available upon demand, for maintaining a do-not-call list; and (3) train their personnel engaged in telemarketing in the existence and use of the do-not-call list.

80. Plaintiff and the Internal Do-Not-Call Class Members are informed and believe that Defendants (1) have not instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity; (2) have not implemented a written

policy, available upon demand, for maintaining a do-not-call list; and (3) do not train their personnel engaged in telemarketing in the existence and use of the do-not-call list.

81. The details and specific facts regarding Defendants' failure to maintain the required policies, implement the required procedures, and train their personnel regarding the same, are solely within Defendants' knowledge and possession.

82. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, by making telephonic solicitations, except for emergency purposes, to the Plaintiff and the Internal Do-Not-Call Class despite having asked Defendants to cease their telephonic solicitations.

83. Defendants violated the TCPA willfully or knowingly.

84. Plaintiff and Internal Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

85. Plaintiff and Internal Do-Not-Call Class Members seek injunctive relief prohibiting Defendants from making further unlawful telephonic solicitations to Plaintiff and Internal Do-Not-Call Class Members.

**PRAYER FOR RELIEF**

Plaintiff and Class Members respectfully request judgment against Defendants and that the Court enter an order:

A. Certifying this case as a class action on behalf of Plaintiff and the Class, appointing Plaintiff as class representative, and appointing her counsel to represent the Class;

B. Awarding statutory damages to Plaintiff and Class Members;

C. Providing the injunctive relief requested herein; and

D.      Granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims so triable.

Date: January 2, 2026

Respectfully submitted,

*/s/ Brian Giles*
Brian T. Giles (SBN #0072806)
**GILES & HARPER, LLC**
7247 Beechmont Ave.
Cincinnati, Ohio 45230
T: (513) 379-2715
bgiles@gilesharper.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: (617) 485-0018
anthony@paronichlaw.com

Carly M. Roman*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com

*applications *pro hac vice* forthcoming

*Attorneys for Plaintiff and Proposed Class*