# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **BARBARA J. BROWN**, on behalf of herself and all others similarly situated, | Case No. 1:26-cv-00008-DAR |
| Plaintiff, | Honorable Judge David A. Ruiz |
| v. | REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26 (f) AND L.R. 16.3(b) AND 23.1 |
| **VIO FRANCHISE GROUP LLC** *d/b/a*: **VIO MED SPA,** and **VYANIA LLC** *d/b/a:* **VIO MED SPA HENDERSONVILLE,** | (For Use in Putative Class Actions) |
| Defendants. | |

1.      Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on March 17, 2026 at 2:00 P.M. CT, and was attended by:

**Anthony I. Paronich and Carly M. Roman** *(Counsel for Plaintiff)*

**Stephen M. Bosak, Jr.** *(Counsel for Defendant VIO Franchise Group LLC)*

**Damion M. Clifford and Michael L. Dillard, Jr.** *(Counsel for Defendant Vyania LLC)*

2A.     The parties:

**[X]**     have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order; *(Plaintiff provided Initial Disclosures on 3/10/26)*

[ **X** ]     will exchange such disclosures by **March 31, 2026**. *(Defendant will provide)*

[  ]     have not been required to make initial disclosures.

2B.     The parties:

[ **X** ]     have agreed to a procedure for the assertion of claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Fed. R. Civ. P. 26(b)(5)(A). Include whether the parties have a proposed agreement for the Court to consider regarding Federal Rule of Evidence 502. The parties have agreed as follows: **The Parties**

**anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information. To the extent the Parties decide a protective order is necessary, they will submit one.**

[  ] have not agreed to a procedure for handling claims of privilege or of protection as trial-preparation materials as set forth in Fed. R. Civ. P. 26(b)(5)(A);

Plaintiff proposes the following procedure: _____

Defendants propose the following procedure: _____

3.      The parties recommend the following track:

□      Expedited          □      Standard          □      Administrative

**[X]    Complex**          □      Mass Tort

4.      This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

□      Early Neutral Evaluation     **[X]    Mediation**          □      Arbitration

□      Summary Jury Trial          □      Summary Bench Trial

□      Case Not Suitable for ADR

5.      Recommended cut-off date for amending the pleadings (including proposed class definition) and/or adding additional parties: **November 11, 2026.**

6.      The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7.      Electronically Stored Information. The Parties: (indicate one):

_____ agree that there will be no discovery of electronically-stored information;

__**X**____ have agreed to a method for conducting discovery of electronically-stored information;

2

**The parties have discussed the anticipated ESI needs of this case, and have agreed to cooperate and use best practices, consistent with Fed. R. Civ. P. 26, to identify and produce relevant ESI during the course of discovery. At this stage, the parties do not believe the default rules under Appendix K will be necessary. However, if a dispute arises regarding ESI that cannot be reasonably resolved between the parties, either side will have the option to invoke the default rules under Appendix K.**

**Defendant Vyania does not agree that discovery of any of its customers or its customers' information is proper until such time as Plaintiff can show that Plaintiff's individual allegations have any merit.**

\_\_\_\_\_ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to Northern District of Ohio Local Rules).

8.      Recommended Date for a Status Hearing: **November 2026; to be determined by court.**

9.      Recommended Case Management Plan:

[**X**] Discovery relevant to appropriateness of certification of the proposed class be completed by: **February 24, 2027**, including:

plaintiff(s)' depositions by: **January 8, 2026.**

defendant(s)' 30(b) depositions by: **January 8, 2026.**

plaintiff(s) expert reports by: **November 11, 2026.**

defendant(s)' expert reports by: **January 8, 2027.**

expert depositions by: **February 12, 2027.**

[**X**]      Plaintiff's motion for class certification to be filed by **February 19, 2027**.

[**X**]      Defendant's opposition to motion for class certification to be filed by **March 19, 2027**.

9.      All other non-expert discovery to be completed by: **April 23, 2027.**

10.      All other expert discovery to be completed by: **April 23, 2027.**

Expert report(s) by party initially seeking to introduce expert testimony recommended due date: **November 11, 2026.**

Responsive expert report(s) due date: **January 8, 2027.**

3

11.     Recommended dispositive motion date, if any: **May 14, 2027.**

12.     Recommended date for Settlement Conference: **June 2027**.

13.     Other matters for the attention of the Court: **None at this time.**

14.     If applicable, preliminary estimate and/or budget of the amount of anticipated attorney's fees and expenses pursuant to statutory or case-law authority.

**Plaintiff does not anticipate seeking attorney's fees pursuant to statutory or case-law authority. Accordingly, the preliminary fee estimate requirement does not apply. Plaintiff, however, reserves the right to seek attorney's fees from a common fund in the event of a class settlement.**

Date: April 1, 2026                                  Respectfully submitted,

*/s/ Carly M. Roman*
Carly M. Roman (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: (617) 485-0018
anthony@paronichlaw.com

Brian T. Giles (SBN #0072806)
**THE LAW OFFICES OF BRIAN T. GILES**
1470 Apple Hill Road
Cincinnati, Ohio 45230
T: (513) 379-2715
brian@gilesfirm.com

*Attorneys for Plaintiff and Proposed Class*

*[Continued]*

4

Date: April 1, 2026

/s/ Stephen M. Bosak
**GEMBALA, McLAUGHLIN
& PECORA CO., LPA**
Stephen M. Bosak, Jr. (0092443)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:    (440) 930-4001
Fax:    (440) 934-7208
Email: sbosak@gmpfirm.com
*Counsel for Defendant VIO Franchise Group, LLC*

/s/ Michael L. Dillard, Jr.
Damion M. Clifford          (0077777)
Michael L. Dillard, Jr.          (0083907)
**ARNOLD & CLIFFORD LLC**
115 W. Main Street, Suite 400
Columbus, Ohio 43215
Tel:  614.460.1600
Fax:  614.469.1093
dclifford@arnlaw.com
mdillard@arnlaw.com

*Counsel for Defendant Vyania LLC
d/b/a Vio Med Spa Hendersonville*

5

## <u>CERTIFICATE OF SERVICE</u>

I, Carly M. Roman, hereby certify that on April 1, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 1st day of April, 2026.

Respectfully submitted,

*/s/ Carly M. Roman*
Carly M. Roman (*pro hac vice)*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com

6